JOHN N. FULLER *vs.* REUBEN P. MILLER & another.

A. made a written agreement dated February 1, 1869, with B. & C., partners, to work for the firm during the ensuing year, for a salary of $1800 and, in addition, one fourth of the net profits of the business, and that in computing these profits no deduction should be made for bad debts, but interest on the capital, which was wholly furnished by B. and C., should be deducted. In an action by A. against them, to recover his one fourth, they offered evidence to show that he had worked for them during the year preceding February 1, 1869, under a written agreement for a salary of $1800 and, in addition, one fourth of the net profits; that for said year they received for their own salaries from the net profits the sum of $3300; and that articles of partnership, dated February 1, 1869, were entered into between them, containing a provision, which was known to him, that for the ensuing year B. should have a salary of $1800, and C. a salary of $1500, before determining the profits to be divided between them. *Held*, that the evidence was admissible, and, being uncontrolled, showed that the salaries of A., B. and C. were to be deducted from the gross profits in order to ascertain the net profits in which A. was to share.

CONTRACT against Reuben P. Miller and Myron D. Allen. The case was submitted to the judgment of the court on the following statement of facts:

" The defendants were partners, doing business as tailors, under the name of Miller, Allen & Company, and the plaintiff, who was employed in their shop, furnished no part of the capital used in their business.

" The parties signed an agreement, dated February 1, 1869, by which the plaintiff agreed to give all his time and attention to the business of the firm for six months, and for such further time as the arrangement between them might continue ; and the defendants agreed to guarantee to the plaintiff a salary at the rate of $1800 a year, and also agreed that, in addition to such salary, the plaintiff should be entitled to one fourth of the net profits of the business of the firm, to be paid in cash, on the first days of August and February, which said arrangement should

continue, and that, in estimating the profits to find the plaintiff's portion, no deduction should be made on account of bad debts, but interest at the rate of eight per cent. per annum, on the whole capital, should be deducted from the net profits of the business of the firm, before said fourth part of the profits should be allowed and paid to the plaintiff.·

" The plaintiff performed his part of the agreement, and on August 1, 1869, received his salary and, after deducting eight per cent. interest on the capital employed in the business, one fourth of the net profits, except $1650 of the net profits of the business for the preceding six months, which the defendants claimed for their salaries; but the plaintiff denied their right to salaries, and claimed one fourth of the said $1650, and interest from August 1, 1869.

" The defendants offered to prove that the plaintiff was employed by them for the year ending January 31, 1869, under the following agreement, signed by them : ' February 1, 1868. Know all men by these presents, that we, as a firm doing business under the firm name of Miller & Allen, do hereby agree to give John N. Fuller, for his services to be rendered said firm, a salary of $1800 per annum, and in addition one fourth of the profits of our establishment, after deducting rent, salaries, and all other necessary expenses of the business. And it is further agreed that in estimating the profits of our business according to the foregoing agreement the stock shall be taken at eighty cents on the dollar of the cost, and an inventory of the stock belonging to our firm shall be taken annually, to determine the amount of such profit; and in case said Fuller shall withdraw from our establishment at the end of the year, or at any time within one year, and in case of his death, we agree to pay him or his representatives one fourth of the net profit of our business, to be determined as aforesaid, and his salary at the rate above named.'

" For the year the plaintiff was employed by the defendants, they received for their own salaries from the net profits the sum of $3300.

" The defendants also offered to prove that articles of copartnership, bearing the same date as the first above named agree-

ment, were entered into between the defendants, by which Miller was to have a salary of $1800 a year, and Allen a salary of $1500 a year, for the ensuing year, before determining the profits to be divided between them. These articles of copartnership were witnessed by the plaintiff, who was not named as a party therein, and the plaintiff knew that the articles contained the said provision as to salaries.

" The plaintiff admits that the matters which the defendants offer to prove are facts, if they are entitled to prove the same; but denies that such facts are competent evidence, to vary or control the agreement with the plaintiff of February 1, 1869.

" If the plaintiff can recover on these facts, judgment is to be entered for him for $412.50 and interest thereon from August 1, 1869 ; otherwise, for the defendants."

*J. M. Stebbins*, for the plaintiff.

*M. P. Knowlton*, ( *G. M. Stearns* with him,) for the defendants.

GRAY, J. This is an action brought against a partnership by a person employed in their shop, and who himself furnished no part of the capital used in the business, upon an agreement by which they stipulated that he should be paid a certain salary, and also " one fourth of the net profits of the business of the firm." The agreement provides that, in estimating the profits in which the plaintiff is to share, on the one hand no deduction shall be made for bad debts, and on the other, interest at a certain rate on the capital furnished by the defendants is to be " deducted from the net profits ;" but does not otherwise define how the net profits shall be ascertained. The words " net profits " in this agreement must therefore be interpreted according to their natural meaning in the light of the contemporaneous or previous transactions between or known to the parties. The only construction of the agreement sued on, which is consistent with the articles of copartnership of the same date executed by the defendants in the presence of the plaintiff, and the terms of which were known to him, and with the rule by which such net profits had been agreed to be and had actually been ascertained and accounted for during the previous year, is that the salaries agreed

by the present articles of copartnership to be paid to the defend-ants respectively, as well as the salary promised to the plaintiff, should be taken as part of the necessary expenses of the business, and deducted from the gross profits in order to ascertain the net profits in which the plaintiff is to share. As it is agreed that the plaintiff has received all that he is entitled to upon this construc-tion, there must be      *Judgment for the defendants.*