ROBERT T. PAINE, Respondent, *v.* HENRY C. HOWELLS et al., Appellants.

Under a contract by which a salesman is to receive for his services a share of the net profits of the business, the interest on capital invested by the principal in the business is not an expense to be deducted in ascertaining the net profits.

In an action upon such a contract it is not competent for defendant to prove a custom among merchants to charge interest on capital.

Where a servant, after he has given his master just cause to discharge him, is allowed to continue the performance of his contract for the expiration of his term of service and is then tendered what is claimed by the master the full amount of his compensation, the right of the latter to forfeit the compensation because of the conduct of the servant which authorized a discharge is waived, and he is entitled to recover the full compensation fixed by the contract.

(Argued October 26, 1882 ; decided November 14, 1882.)

PLAINTIFF entered into the employment of defendant as a salesman for two years under an agreement by which he was to receive $3,000 per annum and twelve and one-half per cent of the net profits. It was expressly stipulated that he was not to be a partner; at the expiration of the term defendants tendered what they claimed was plaintiff's share of the net profits, which he refused and brought this action to recover what he claimed to be his share. The principal questions discussed with the material facts relative thereto are thus stated in the opinion.

" Second : It is alleged that the referee erred in refusing to deduct interest on capital in ascertaining the amount of net profits. The contract contained no such provision. On the contrary it carefully specified the deductions which were to be made, including a final deduction of twelve and one-half per cent. What this last was intended to cover is not stated and we do not know, but it shows a careful purpose to provide for all the deductions contemplated. We do not think that interest upon capital is an expense to be deducted in ascertaining net profits. Those profits themselves constitute the earnings of the capital and may exceed or fall short of the legal rate of interest. They are the product of the investment, and the capital is used, not to earn interest, but profits. The cases between partners to which we are referred are not pertinent. Where all the partners put in equal amounts of capital no question of interest arises. It comes up only to redress an inequality, and interest is allowed upon what practically is a loan. But here the plaintiff was not a partner. It was expressly agreed that he should not be, and he made his contract for a share of the net profits as compensation for his services upon the assumption that the firm capital was in the business and to be used in its conduct and to produce profits. Much evidence bearing on this question was given outside of the contract. The discussion which preceded its execution was detailed by each party, and they contradicted each other with great vigor and precision. If the subject of interest on capital was talked of at all the silence of the contract on that point becomes quite significant.

But the appellant says he should have been allowed to prove

a custom of merchants, to charge interest on capital. Such a custom would not have affected the interpretation of this contract. The offer was very loose and broad. It assumed the existence of a custom, and did not at all limit it to the ascertainment of profits even as between partners, much less as between parties, situated as were those in the present case, and no foundation was laid for importing a custom into the terms of the contract."

" *Fifth*. The defendants urge that the plaintiff forfeited all claim to his compensation by his proposition to the Assabet Mills offering to give them $5,000 for the sale of their goods which were then being handled by defendants. This occurred two months before the close of plaintiff's term of service, and had in view a future business of his own. The fact came to defendants' knowledge very soon after its occurrence. They did not then rescind the contract with plaintiff, but suffered him to complete his performance, and then tendered him an amount which they claimed was due him under the contract. These latter facts fully answer their claim. If they had discharged him for just cause, his non-performance of an entire contract would have been a good answer to his suit for services. But he was not so discharged. He was allowed to continue in the performance of his contract until that performance was complete, and the right to forfeit his compensation was waived by accepting his after-services and tendering him what was claimed to be the full amount of his pay. (2 Pars. on Cont. 36; *Monahan* v. *Story*, 2 E. D. Smith, 393; *Rice* v. *Dwight Manuf. Co.*, 2 Cush. 80; *Seaver* v. *Morse*, 20 Vt. 620; *Huntington* v. *Claflin*, 10 Bosw. 262.)"

*Thomas G. Ritch* for appellants.

*E. B. Barnum* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.