GEORGE A. SANFORD, Respondent, v. GEORGIANNA F.
BARNEY and MORTON REDMOND, as Executor, etc.,
of WILLIAM J. BARNEY, Deceased, Appellants.

*Agreement of two persons to engage jointly in the purchase and sale of lands and divide
the profits and losses — interest will not be allowed to the party furnishing the money
unless it be expressly provided for in the agreement.*

In an action, brought by the plaintiff for a partnership accounting between the
representative of W. J. Barney, deceased, and the plaintiff, as the assignee of
the rights of M. H. Sanford, deceased, it appeared that the said Sanford and
Barney entered into an agreement to engage jointly in the purchase and sale of
western lands, which provided that Sanford should furnish all the money and
scrip that was to be employed in making such purchases, and Barney was to
do all the work of investing the money and selling the lands thus purchased
without any compensation, and the profits and losses were to be divided in the
proportions of three-fourths to Sanford and one-fourth to Barney, who was to
make full statements to Sanford of all investments made, and pay over to him
the full amount of all sales, less one-quarter of the net profits as aforesaid.
Upon the accounting interest was allowed to Sanford upon the moneys fur-
nished by him, amounting to the sum of $3,910.88.

*Held*, that it was error so to do as the agreement made, and the circumstances and
purposes for which the money was furnished, showed clearly that it was the
intention of the parties to the agreement that no interest upon the money thus
furnished should be paid.

Appeal from so much of a judgment, entered on March 13, 1888,
in the office of the clerk of Oneida county, as directs the receiver to
pay to the plaintiff out of the proceeds of sale of the real estate
described in the complaint, the sum of $6,576.04.

The action was brought by the plaintiff for a partnership account-
ing between the representative of the estate of William J. Barney,
deceased, and the plaintiff, as the assignee of all the rights and
interests of the estate of William H. Sanford, deceased, under a
written agreement entered into between William H. Sanford and
William J. Barney.

*Charles F. Ayling*, for the respondent.

*Avery T. Brown* and *Albert W. Seaman*, for the appellants.

Martin, J.:

M. H. Sanford, to whose rights the plaintiff has succeeded, and
W. J. Barney, the defendant Redmond's testator, entered into an

agreement to engage jointly in the purchase and sale of western lands. The agreement, in effect, provided that Sanford should furnish all the money and scrip that was to be employed in making such purchases, and Barney was to do all the work of investing the money and selling the lands thus purchased, without any compensation, and the profits and losses were to be divided in the proportion of three-fourths to Sanford and one-fourth to Barney. Barney was to make full statements to Sanford of all investments made, and pay over to him the full amount of all sales, less one-quarter of the net profits as aforesaid. The title to a portion of the land purchased under this agreement was held by the plaintiff for M. H. Sanford, and the title to the remainder was held by Barney.

The total original cost of that portion of the lands which was held in the plaintiff's name was $8,734.47. Taxes amounting to $1,485.55 were paid on that portion of the land, making the cost of the land $10,220.02. The plaintiff charged the partnership, and was allowed interest on the money thus paid, which amounted to $3,371.54. The cost of that portion of the lands held in Barney's name was. $1,044. Taxes amounting to $400.14 were paid thereon, making the total cost of that land $1,444.14. The plaintiff was allowed interest on the original cost of this land, which amounted to $454.14, and the interest on the taxes paid to the amount of eighty-five dollars and twenty cents. The total interest charged to the copartnership or joint business, and which was allowed to the plaintiff in this action, amounted to the sum of $3,910.88.

The single question presented on this appeal is whether such interest was properly allowed. There was no provision in the agreement by which Sanford was to be paid interest on the money which he should furnish. He was to furnish the capital for the business and Barney was to do the work. It was not, we think, the intention of the agreement, or the intention of the parties, that the firm or joint-enterprise should borrow the money of Sanford and Barney do all the work and give Sanford three-fourths of the profits for the privilege of borrowing the money of him. We think that the agreement between the parties, the circumstances and purposes for which this money was furnished, shows clearly that it was the intention of the parties to this agreement that no interest upon the money thus furnished should be paid. The authorities.

are to the effect that, under circumstances like those disclosed by the evidence in this case, interest is not to be allowed to the parties furnishing the capital.

In Collyer's Law of Partnership (§ 318), it is said : "Nor in taking a partnership account will interest be computed on the capital of the partners unless there is some agreement to that effect, or the partners have themselves been in the habit of charging such interest on their accounts." The same doctrine is stated in Lindley on Partnership, 389.

In *Tutt* v. *Land* (50 Ga., 339), it was held that when a contract of partnership provides that one partner shall furnish the stock of goods then on hand, and the other give his skill, services, etc., and the first shall have three-fourths of the net profits, the other the remaining fourth, the partner so furnishing the capital is not entitled in the division of the profits to interest on the capital stock. In delivering the opinion in that case, TRIPPE, J., says : "The contract of partnership was, that one partner should furnish the stock of goods then on hand, and the other should render his skill, services, etc. It was further agreed that the first should have three-fourths of the net profits, and the second the remaining fourth. Under such a contract the partner furnishing the capital is not entitled to interest on the stock when a division of the profits is made. We can see no reason for such a claim. Such partner gets all the profits by the contract that are made on three-fourths of what he puts in the concern. The other fourth was intended as a set-off to the skill, time and services of the other partner, and the profits thereon to be his compensation. To hold, as claimed by plaintiff in error, would give that other partner the net profits on one-fourth, *less the interest thereon.* Such was not the contract. Net profits of an adventure do not mean what is made over the losses, expenses and *interest on the amount invested.* The term includes simply the gain that accrues on the investment, after deducting the losses and expenses of the business. If but two or three per cent is realized on the amount put in, it may be a poor business, but still there would be net profits, even if the legal rate of interest were ten per cent or greater." (See, also, *Jackson* v. *Johnson*, 11 Hun, 509, which seems to have been affirmed in the Court of Appeals upon the question of interest ; see 8 Abb. N. Y. Dig., 68, note 2, and *Day* v. *Lockwood*, 24 Conn., 185). We are of the

opinion that, both upon principle and authority, the plaintiff was not entitled to interest on the money furnished; that the learned trial judge erred in allowing interest on the money and scrip furnished, and that the judgment herein should be modified by deducting the interest so allowed from the amount directed to be paid to the plaintiff by the receiver.

Judgment modified so as to direct the receiver to pay the plaintiff $2,664.16, with interest on $1,220.02 from May 3, 1887, and interest on $1,444.14 from February 16, 1888, instead of $6,575.04, with interest from May 3, 1887, on $4,591.56, and from February 16, 1888, on $1,983.48. And the judgment, as so modified, is affirmed, with costs to the appellant against the respondent.

HARDIN, P. J., and FOLLETT, J., concurred.

So ordered.