Brady, J.
The opinion of the learned referee in this case covers, undoubtedly, the respective items objected to; and the reasons assigned by him for overruling the objections mentioned, except the sum of $1,500 (the interest on$25,000) for what is called the good-will, are entirely satisfactory. The appellant relies for success upon the case of Rishton v. Grissell, L. R. 5 Eq. 326, and Paine v. Howells, 90 N. Y. 660.
The first of these cases has no application whatever to the facts developed in this case. The appellant doubtless thinks it an authority showing the impropriety of deducting his salary as a part of the expenses of the business; but this is an erroneous view. By the agreement there, it was distinctly understood that, though the plaintiff was to receive -7 per cent, of the profits of the business, it was to be made up to $500 in any year in which the share of the profits should be less than that sum; and the decision that the $500 could not be deducted from the profits rested upon that feature of the agreement, the learned vice-chancellor saying: “But he has undertaken [speaking of the defendant’s obligation] that the 7 per cent, should always amount to at least $500, and he cannot deduct the $500 before he takes the percentage. ” There is no other element in the case applicable to the facts here disclosed.
The second case is advantageous, inasmuch as it was there held that, when the salesman was to receive for his services a share of the net profits of the business, the interest on capital invested by the principal was not an expense to be deducted in ascertaining the profits; but in that case there is nothing to show that the plaintiff knew that by the arrangement between the partners interest was to be allowed on the capital. It is conceded 'by the plaintiff’s counsel that the plaintiff knew that interest upon the sum of $150,000 was *487 to be allowed upon the capital of the defendant herein, and also interest upon the amount of capital which Mr. Loewe, the other partner, had invested; but the principle declared in that case is evidently applicable to any sum upon which interest is allowed of which he had no knowledge, and with reference to which, therefore, his contract could not have been made. It appears herein that after the plaintiff’s agreement was made with Kittell & Loewe it was agreed between them that Kittell should have interest in addition to the sum of $150,000, upon what was said to be the good-will of the business, which interest amounted to and was allowed at $1,500. The plaintiff, not knowing of that, and objecting to it, and refusing to be bound by it, when advised in reference thereto, is entitled, under the decision of Paine v. Howells, to a deduction of that amount from the expenses of the business; or, in other words, to its addition to the profits, which were found to be $14,644.88.
The item of $3,651.19 arose in this way: At the close of the copartnership the defendants, for the purposes of liquidation, called in two disinterested merchants in the same line of business to determine the value of the goods on hand and accounts receivable, which consisted largely of the renewed notes of customers. These arbitrators fixed the value of the stock and merchandise on hand, and reduced the value of the bills receivable by that sum, and upon that basis the accounts were liquidated and settled and the profits determined at $14,644.88. The arbitration was made without consultation with the plaintiff, but in entire good faith, without collusion, and without reference to any claim or right of the plaintiff's. Indeed the defendant took no part in it, leaving the disposition of it entirely to the arbitrators.
It may be assumed, for the purposes of this appeal, that the plaintiff was not bound by the determination of the arbitrators; but the fact would then be that the liquidation was incomplete, and that the exact profits could not be determined unless the result of the arbitration is accepted. If the plaintiff rejects the arbitration, then his action is not maintainable until he can show what the one-sixth of the actual profits were, and that they exceeded the amount of his salary. There does not seem to be any doubt that the salary paid to the plaintiff was a legitimate expense of the business, which should be allowed in estimating the amount of the profits. The result is that the sum of $1,500 was improperly allowed as interest upon the good-will, and should be added to the profits, making a total of $16,144.88, one-sixth of which is $2,690.81. This conclusion necessarily disposes of the counter-claim interposed, which amounts to only $100, and renders it necessary to reverse the judgment, and order a new trial, with costs to appellant to abide the event, unless the parties consent to the modification herein suggested. All concur.