### BRIGGS *v.* GROVES.

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

1. MASTER AND SERVANT—COMPENSATION—SHARE OF PROFITS.
Plaintiff entered defendant's employ under a written agreement to receive for his services one-fourth part of the net profits of the business, "to be paid him as follows: The sum of $20 each week during said employment, and at the end of each year's business * * * such a sum as, added to the aggregate amount of such weekly payments, shall equal the one-fourth of the net profits of said business." *Held,* that defendant was not entitled to have the weekly payments to plaintiff treated as part of the expense account, and that the profits were properly estimated on the finished sales while plaintiff was in defendant's employ.

2. EVIDENCE—PAROL TO EXPLAIN WRITING.
Evidence of an oral arrangement between the parties that the stock should be called $5,000, and on that valuation plaintiff should receive one-fourth of the net profits, was admissible, as it in no way contradicted the written contract.

Appeal from judgment on report of referee.

Action by Allen D. Briggs against Thomas R. Groves. Both parties appeal from the judgment entered in favor of plaintiff.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Isaac S. Signor,* for plaintiff.  *John C. Lynn,* for defendant.

CORLETT, J. This action was brought in January, 1888, by the plaintiff, to recover for services under a contract of which the following is a copy: "This memorandum witnesseth an agreement made and entered into this 22d day of December, 1886, by and between Thomas H. Groves, of the first part, and A. Delos Briggs, of the second part, as follows: The said Briggs hereby agrees to enter the employ of said Groves, and to take charge of the clothing store of said Groves, at No. 40 East Main street, Rochester, as manager and clerk, under the direction of said Groves, and, with the advice and direction of said Groves, to do all things, and exert his utmost skill and endeavor, to the profit and advantage of said business, and such employment shall continue until terminated by either party to this agreement, which either may do by giving one week's notice of his intention so to terminate it; and the said Briggs shall receive for his services as such clerk and manager the one-fourth part of the net profits which shall accrue to said clothing business during the time he shall so remain in said employment, to be paid him as follows: The sum of $20.00 each week during said employment, and at the close of each year's business, or the termination of said employment, the said Briggs shall receive such a sum as, added to the aggregate amount of such weekly payments, shall equal the one-fourth of the net profits of said business accruing since the last previous adjustment and settlement between the parties. In witness whereof, the parties have hereunto set their hands the day and year above written. A. D. BRIGGS.    T. H. GROVES." The complaint alleged to be due to the plaintiff $4,302. The answer admits $2,016, but denies the balance. The issue was referred to a referee, who found $3,330 due the plaintiff, upon which judgment was entered; and both parties appeal to this court.

The referee found that on the 22d day of December, 1886, the defendant was the owner of a stock of merchandise which he purchased shortly before that time for $3,110.15; that the stock was of the value of $5,000. He further found that the agreement was dated December 22d; that it was also agreed that the stock should be called $5,000, and, on that valuation, that the

plaintiff should receive one-fourth of the net profits; that the plaintiff entered into the defendant's employment under the agreement, and continued until January 21, 1888. The referee also found that the net profits were $17,911.17, one-fourth of which would be $4,477.99; that $1,429.95 had been paid, leaving a balance of $3,056.84, which, with interest, was found due the plaintiff. The referee, in his opinion, states that the defendant made no arrangement with the plaintiff until after he purchased the stock of goods, and that the valuation for the purpose of estimating profits was fixed at $5,000. He further states that the agreement, in fact, was made the 20th day of January, 1887, but dated back to December 22, 1886. A set of books were opened in the business, the first entry in which was a credit to the defendant of $5,000 as capital stock. That this sum was treated by both parties, without objection, as the proper basis of settlement. The plaintiff's contention on this appeal is that the profits should have been estimated on the basis of $3,110.15, the purchase price. He objected to evidence on the ground that it would vary the written contract proving the $5,000 arrangement, which was overruled, and exception taken. The written agreement is silent as to the basis of valuation upon which the profits should be estimated. The findings are that they were estimated upon $5,000, and that the arrangement between the parties was not made until after the goods were purchased. Under such circumstances, the evidence was admissible. It in no way contradicted the written contract. *Chapin* v. *Dobson*, 78 N. Y. 74; *Bean* v. *Carleton*, 6 N. Y. St. Rep. 641.

The defendant's central contention on his appeal is that the sums paid to the plaintiff should have been deducted as expenses, and cites in support of his contention *Buning* v. *Kittell*, 7 N. Y. Supp. 485; *Fuller* v. *Miller*, 105 Mass. 103. The doctrine of these cases has no application, for in each of them a fixed weekly compensation was paid, and additional compensation given out of the net profits; but here there was no salary except one-fourth of the net profits, a portion of which, $20 per week, was paid as the work progressed. It seems to have been assumed that there would be some profit, and that the plaintiff needed something to live on. All the profits might as well have been treated as a part of the expense account as the portion paid in advance.

The defendant further contends that the depreciation in the value of the goods left should be deducted in ascertaining the amount of the net profits. There are two answers to this. The first is that there was no depreciation, assuming that they were to be sold in the place of business, which they were. In the next place, the plaintiff was not a partner, as the referee found and both parties conceded. The profits were properly estimated on the finished sales while he was in the defendant's employ. The judgment must be affirmed. All concur.