THEODORE B. GAUL, Respondent, v. KIEL & ARTHE COMPANY, Appellant.

Contract — commissions to be paid as salary by corporation, upon profits of business during business year — when amount upon which commissions are computed should not include salaries paid to officers of corporation.

In an action brought by a salesman of a corporation to recover commissions due under a contract whereby he was to receive, in addition to a fixed salary, a percentage upon the profits of the business during the year, it is error for the court to charge that the jury should compute the percentage upon an amount which included the salary paid to the president and to the secretary and treasurer of the company, where it appears that such salaries were paid to such officers for services actually rendered in large part outside their official duties as corporate officers, under a contract made with them by the corporation, and there is no claim that such salaries were not earned or that there was any fraud or bad faith in charging them against the proceeds of the business for the

year. Such salaries are expenditures to be taken from the proceeds of the business before the profits can be ascertained.

Section 15 of the General Corporation Law was not enacted for the benefit of foreign corporations. If a corporation fails to obtain the license thereby required, it cannot take advantage of its failure to obey the statute to defeat an action brought against it in this state.

*Gaul* v. *Kiel & Arthe Co.,* 133 App. Div. 621, modified.

(Submitted October 20, 1910; decided November 15, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 23, 1909, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict and affirming an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Patrick Walsh* for appellant. The contract on which the action is based is unlawful and unenforceable in any way and the complaint should have been dismissed on the defendant's motion. ( *Wood & Selick* v. *Ball,* 190 N. Y. 217 ; *Gillett* v. *Phillips,* 13 N. Y. 114 ; *Leavitt* v. *Palmer,* 3 N. Y. 19 ; *Burger* v. *Koelsch,* 77 Hun, 14 ; *Johnson* v. *N. Y. B. Co.,* 178 Fed. Rep. 513.) The sum of $7,000 should be allowed as an expense because it was actually incurred in conducting the business of the corporation for the year 1906 and was actually paid. (*Bunning* v. *Kittell,* 27 N. Y. S. R. 354 ; *Fuller* v. *Miller,* 105 Mass. 103 ; *People* v. *S. F. S. Union,* 72 Col. 199.)

*Mayer J. Weinstein* for respondent. As a matter of law, the proposed salaries of Kiel, the president of the corporation, and Arthe, the secretary and treasurer of the corporation, were not proved to be proper items of expense, and the court was correct in ruling that they should be added to the net profits admitted, and that the jury should calculate a verdict upon the resulting sum. (*Matter of E. M. Co.,* 118 N. Y. 629 ; *Gill* v. *N. Y. C. Co.,* 48 Hun, 524 ; *Barril* v. *C. W. P. Co.,* 50 Hun, 257 ; *Stout* v. *S. T. & L. Ins. Co.,*

82 App. Div. 129; *Elakins* v. *W. B. Co.*, 75 Mich. 568; *A. M. Co.* v. *Squair*, 105 Ill. App. 238; *Oakes* v. *C. W. Co.*, 143 N. Y. 430.)

CHASE, J.    The plaintiff was employed as a salesman by the defendant, a manufacturing corporation, for two years and more prior to December, 1905. In that month a new contract was entered into by and between them, by which the plaintiff was to remain in the employ of the defendant during the year 1906 and receive for his compensation a salary, and also a percentage upon the profits of the defendant's business. He remained in the defendant's employ during the year 1906 and was paid his salary, but he was not paid anything on account of the percentage. The defendant asserted that there were no profits for that year. This action was brought to recover such percentage on the alleged profits. The amount of the percentage was a question at issue on the trial but that has been settled in favor of the plaintiff's contention and it will be assumed that the contract was to pay the plaintiff six and one-half per cent on the profits of the defendant's business.

Upon the trial it was shown by the defendant that a comparison between the surplus of the corporation on January 1, 1906, and the surplus on January 1, 1907, as shown by its books established a profit for the year 1906 of $3,317.56. In determining such surplus it appears that there had been charged to the expense of the business a salary of $3,500 paid to the president of the company and a similar salary paid to the secretary and treasurer of the company. The court, in charging the jury, said: " I will charge you, as a matter of law, that the plaintiff can recover either 5 per cent, or 6½ per cent, whichever you find the contract to be, on $3,317.56 of profits and also add to that the $7,000.00 of salary, making the sum of $10,317.56, and you will calculate the commission of either 5 per cent or 6½ per cent on that."

To such charge of the court an exception was duly taken by the defendant. The jury found in favor of the plaintiff and an appeal was taken from the judgment entered upon the

verdict of the jury to the Appellate Division where the judgment was modified by deducting a small amount from the judgment to correct a clerical error in computation made by the jury, and as so modified the judgment was affirmed.

An appeal was taken from the judgment so entered to this court and the only serious question on this appeal is whether the court erred in holding as a matter of law that the jury should compute the percentage upon an amount which included the salaries so paid to the president and to the secretary and treasurer of the defendant.

This is not an action against a corporation to recover a salary by an officer thereof for his services as such, nor for compensation for services performed by him independent of his official position. The recovery in this case depends wholly upon the contract made by and between the parties in December, 1905. That contract was to pay the plaintiff a percentage of the profits of the defendant's business, and the question for determination in the action is simply what was intended by the parties when the contract to pay the plaintiff a percentage of the profits of the business was made.

It appears from the record that the president and the secretary and treasurer of the defendant each devotes his whole time to the business of the corporation. The president is actually engaged in running the defendant's factory and managing its store, and the secretary and treasurer is engaged in purchasing materials and selling the product. The work so performed was, at least in large part, outside of the usual official duties of such corporate officers. Each has held such official position in the defendant corporation, and performed such services for years, and each, during such time, has drawn a salary of $3,500 per year in weekly installments.

The plaintiff, as a witness in his own behalf, referring to the time when the contract was made with him, testified: "I knew at the time of this conversation in Miller's restaurant that Mr. Kiel (president) and Mr. Arthe (secretary and treasurer) were officers of the corporation and that they were actively engaged during all their business time in the business

of the company, and that they owned or controlled the greater part of the stock." He further testified : " They were doing all the work that was done except by paid employees. * * * Mr. Arthe is a salesman as any other salesman. That is the way he did and Mr. Kiel had the factory end of it. * * * I was in a position to know about how the business was done in those years during which I was engaged. * * * I think it was almost every day that Mr. Kiel and Mr. Arthe were making withdrawals of money."

Mr. Kiel and Mr. Arthe, although stockholders of the corporation, are, as individuals, wholly independent of the corporation and payments made to them for services actually rendered outside their official duties under a contract made with them by the corporation, are expenditures to be taken from the proceeds of the business before the profits can be ascertained the same as the salary paid to the plaintiff and the other employees of the corporation.

The rules of law relating to the liability of a corporation to pay its officers for services rendered by them as such, or otherwise, for its benefit, are clearly stated in the reported decisions in this state. A director of a corporation is not entitled to compensation for services performed by him as such, without the aid of a pre-existing provision expressly giving the right to it. When a stockholder, not a director, assumes the duties of the office, and performs them without some agreement or provision for compensation, the presumption in view of his relation and interest may properly arise that he performs the official services gratuitously. (*Mather* v. *Eureka Mower Co.*, 118 N. Y. 629.) A president or director of a corporation who renders services thereto outside of his official duties upon an employment by the directors and a promise of compensation, is entitled to receive the value of such services and the expenses incurred during their rendition, although he is not entitled by the by-laws to any salary for his official services, and there is no express resolution of the board of directors containing an agreement to employ and to compensate him. (*Bagley* v. *Carthage, Watertown & Sacketts Har-*

*bor R. R. Co.*, 165 N. Y. 179 ; *Jackson* v. *N. Y. C. R. R. Co.*, 2 T. & C. 653.)  In an action between the officers of a corporation and the corporation the officers are bound to show that the directors had assented to their right to compensation or had authorized the payment in some form.  (*Farmers' Loan & Trust Co.* v. *Housatonic R. R. Co.*, 152 N. Y. 251.)

Whether the president, or the secretary and treasurer of the defendant, could have recovered against the defendant in an action against it for services in 1906 in case the defendant had failed to pay the same as they had been paid in previous years (*Adams* v. *Fitzpatrick*, 125 N. Y. 124), it is not necessary to decide in this action.  The question as to whether the corporation was legally liable to Kiel and Arthe for their salaries in 1906 is a collateral one, the same as the question of the legal liability of the corporation for the payments appearing by its books to have been made for materials and other things.  If such payments were not actually made or if made without authority, or in bad faith they doubtless could have been attacked.  The salaries in question were actually paid by the defendant and acts done by a corporation which presuppose the existence of other acts to make them legally operative are presumptive proofs of the latter. (*Nelson* v. *Eaton*, 26 N. Y. 410 ; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159 ; *Demings* v. *Supreme Lodge, K. of P.*, 131 N. Y. 522 ; *Beardsley* v. *Johnson*, 121 N. Y. 224.)

We have referred to some of the authorities in this state relating to the compensation of officers of corporations and as to the presumption of authority for corporate acts because of the contention of the parties on this appeal, but we repeat that the controlling question in this case is the intention of the parties in making the contract upon which this suit is brought.

It appeared at the trial that the salaries were actually paid to the president and to the secretary and treasurer for their services respectively, in conducting the business, and there is no claim that such salaries were not earned nor that there was any fraud or bad faith in charging the salaries against the proceeds of the business for the year 1906.  Such salaries for

services had been paid in the years preceding the time when the contract was made with the plaintiff and there is evidence in the record to justify a jury in finding that the plaintiff was aware of the fact that the named officers of the corporation were receiving salaries for their personal services at the time he made the contract on which the suit is brought. (*Fuller* v. *Miller*, 105 Mass. 103.)

If there is any presumption to be indulged in as to the intention of the parties relating to the charges for expenditures in conducting the defendant's business in 1906 it is in favor of such charges being continued in substantially the same amounts as in the year or years preceding 1906.

We are, therefore, of the opinion that the trial court was in error in holding as a matter of law that the plaintiff was entitled to recover his percentage on the amount paid for such salaries as being a part of the profits of the defendant's business.

It is also contended by the defendant that as it is a foreign corporation and it does not appear affirmatively by the record that it had obtained a license to do business in this state pursuant to section 15 of the General Corporation Law, the contract should be held to be illegal and unenforceable. It is enough to say in answer to this proposition that the statute in question was not enacted for the benefit of foreign corporations. If the defendant has not obtained a license pursuant to such statute it cannot now take advantage of its failure to obey such statute to defeat an action brought against it in this state. The percentage on the $7,000 as computed by the jury is $455.

The judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiff stipulates within twenty days to reduce the judgment to the extent of $455, and in case such stipulation is given the judgment as so reduced should be affirmed, without costs to either party in this court.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WERNER, JJ., concur.

Judgment accordingly.