MAYME HUNTER, Suing on Behalf of Herself and All Others Similarly Situated, etc., Plaintiff, v. J. MIRIARD CONRAD and Others, Defendants.

Supreme Court, Erie County, July 17, 1928.

Corporations — representative action against former officers — defendants organized and managed corporation and withdrew $300 monthly as wages for their work as salesmen — corporation never made profits — contention that wages cannot be paid out of capital is not sustained — said officers entitled to compensation for work beyond ordinary duties as such — Penal Law, § 664, not violated by paying wages from capital — judgment herein cannot determine rights of said officers on claims against corporation.

The defendants organized a small corporation for the purpose of dealing in lumber. Two of the defendants, who had had experience in selling lumber, conducted the business of the corporation and withdrew from its treasury $300 per month as wages. The corporation never showed any profit and the wages so drawn were paid to said defendants from the capital. The action of said defendants in withdrawing capital to pay their wages did not violate section 664 of the Penal Law, for a director or officer of a corporation may be compensated for services performed beyond the ordinary duties of such officer or director, and there is no rule of law which prevents a corporation from using its capital assets to pay the salaries of its officers.

The rights of the two officers against the corporation, in reference to alleged salaries due and in reference to a claim, cannot be determined in this action, but only upon the dissolution of the corporation.

REPRESENTATIVE stockholders' action.

James A. Ford, for the plaintiff.

Doty, Stockwell & Liebold, for the defendant Conrad.

CROSBY, J. Defendant Conrad is president, and defendant Voelker is secretary and treasurer, of the defendant Conrad-Voelker Lumber Company, Inc. Defendant Voelker is a brother-in-law of plaintiff, and did not answer the complaint; and both Voelker and Conrad were called as witnesses for the plaintiff. I do not recall a single disputed question of fact in the case. Both Voelker and Conrad had been employed as lumber salesmen, receiving more than $300 a month wages. They organized the defendant corporation with a capital stock of $10,000 common stock and $10,000 preferred stock. The common stock had no par value, and the defendants Conrad and Voelker and their two wives took all the common stock for which they paid no money. They 'had had considerable experience in selling lumber, and knew the trade, and their lists of customers and the good will of the trade was the consideration for their stock. They sold $2,500 of the preferred stock to three friends and relatives, plaintiff taking $1,000 worth, for which she paid par.

The company was organized and ready for business by the last of January, 1927. From the start defendants Conrad and Voelker ran the business. They and their wives were the directors. Corporation books were kept not at all, or at best, rather loosely. There were no directors' meetings or stockholders' meetings. Contracts of employment were not reduced to writing. Conrad and Voelker agreed that $300 a month each was a fair wage. Nobody objected. They paid themselves wages for January, but turned in to the corporation all the business they did during January while they were getting the corporation organized.

The business failed to pay running expenses from the start. All expenses, including wages, ran about $800 a month. By the end of June, 1927, it became apparent that the business could not pay running expenses and Conrad and Voelker so informed plaintiff. So the business was wound up and Conrad and Voelker ceased to pay themselves wages. The process of winding up lasted from June till about October. Conrad drew his wages for January to June, inclusive, Voelker for January to May, inclusive, and Voelker only took half his wages for May ($150). Conrad's June salary was not drawn till October third.

The corporation now has one thousand six hundred and sixty-seven dollars and fifty-five cents in the bank and seventy-three dollars and fifty cents worth of office furniture (cost price), its only assets. Defendant Voelker has a valid claim against the corporation for fifty-six dollars and twenty-five cents for rent, plus eight dollars for moving furniture, in all the sum of sixty-four dollars and twenty-five cents, less, however, forty-one dollars and seventy-

five cents of company earnings taken in by him and not turned into the corporation treasury, leaving a balance owing by the corporation to Voelker of twenty-two dollars and fifty cents. Its was stipulated that three hundred dollars a month to each of the defendants was the fair market wage for services of the kind they performed if rendered to a successful concern.

Upon the foregoing facts, plaintiff claims that defendants Conrad and Voelker violated the provisions of subdivision 2 of section 664 of the Penal Law, and asks that they be compelled to account for moneys drawn by them for their services, on the theory that it was unlawful for them to pay themselves for their services out of capital money of the corporation. The claim is that such services could only be paid for out of net earnings of the corporation.

I am unable to agree with plaintiff's contention. In the first place, it is clear that a director of a corporation may lawfully be paid for services performed beyond the ordinary duties of a director. (*Bagley* v. *Carthage, etc., Co.*, 165 N. Y. 179; *Fox* v. *Arctic Placer Mining & Milling Co.*, 229 id. 124; *People's Trust Co.* v. *O'Meara*, 204 App. Div. 268; *Gaul* v. *Kiel & Arthe Co.*, 199 N. Y. 472.) That Conrad and Voelker performed services outside their ordinary duties as directors cannot be doubted. The work they did constituted the entire business activity of the corporation. The concern had no tangible assets excepting a typewriter; it had no business other than the activity of these two men acting as salesmen, selling lumber on commission. All the stockholders knew this.

So, if the plaintiff is to succeed it must be upon the theory that using capital assets for the payment of wages to directors for services outside their regular duties as directors is illegal. Suppose a corporation were organized to build a plant and make and sell furniture. Money obtained from the sale of capital stock would first have to be used to erect the plant. Suppose the directors were all carpenters, masons and plumbers, and, with the consent of everybody interested they received proper wages for work as carpenters, masons and plumbers in the building of the plant. Have they committed a crime, just because their wages were paid out of capital assets, and before the corporation had any earnings, or could have any earnings? That does not seem to me to be the meaning of subdivision 2 of section 664 of the Penal Law, and no authority has been called to my attention which gives that section any such meaning.

The plaintiff's complaint must be dismissed, with costs. A decision embodying findings as hereinbefore indicated may be presented for signature.

I see no way in which findings as to the inequality of amounts

Surrogate's Court, Herkimer County, July, 1928.     [Vol. 132

of wages drawn by Conrad and Voelker respectively can be used in any judgment that can be made in this case. The same is true of findings in regard to the just claim which Voelker has against the corporation, as well as the finding as to the corporation's present assets. This action is brought to compel the defendants Conrad and Voelker to restore money, taken by them as wages, to the corporation treasury. Only upon a dissolution of the corporation and a winding up of its affairs can Voelker be awarded wages due him and not paid, as well as his other claim. No distribution of assets can be made in this action. But I have indicated the findings that may be made upon the undisputed evidence in the case, but the judgment herein, as I see it, can only dismiss the plaintiff's complaint.