THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHAN A. SMYTH, Relator, *v.* THOMAS M. LYNCH and Others, as and Constituting the State Tax Commission, Respondents.

Third Department, May 14, 1930.

*Smyth & Tuttle* [*Joseph M. Dreyer* of counsel], for the relator.

*Hamilton Ward, Attorney-General* [*W. Earl Smith* of counsel], for the respondents.

PER CURIAM. There was no agreement that relator was to receive a salary from the P. & I. Agency, Inc., and without an agreement no presumption arises that one is to be paid. (*Mather* v. *Eureka Mower Co.*, 118 N. Y. 629.) The compensation which relator was to receive, under his agreement, was dividends from earnings. "The controlling question in this case is the intention of the parties." (*Gaul* v. *Kiel & Arthe Co.*, 199 N. Y. 472, 477.) If the Tax Commission was warranted in regarding the alleged payment of dividends as a fiction which might be disregarded, and in looking to the substance rather than the form of the transaction in fixing this tax, it should consider the source from which the money came. If this is done, it appears that the money received by relator, which the Commission has determined to be a salary, was paid to him as an employee of the United States Shipping Board, a department of the United States Government, and is exempt from taxation under paragraph f of subdivision 2 of section 359 of the New York State Tax Law.

The determination of the State Tax Commission should be annulled, with fifty dollars costs and disbursements.

HINMAN, Acting P. J., HILL and HASBROUCK, JJ., concur; WHITMYER, J., dissents, with an opinion, in which DAVIS, J., concurs.

WHITMYER, J. (dissenting). Prior to December, 1922, the United States Shipping Board carried insurance against claims for personal injury and damages arising against its ships in a mutual assurance company. Thinking that the cost was excessive, the Board decided to handle its own insurance and to carry on the work through an independent corporation, of which relator was to have control. Thereupon, the United States P. & I. Agency, Inc., was organized with an authorized capital stock of one hundred shares, no par. The stock was issued to relator, sixty shares, and to his wife, forty shares.

A contract was made between the Board and the new corporation on December 14, 1922. Under it, the new corporation was

appointed agent and its duties were enumerated. The agreement provided for a fixed fee of $65,000 to the agent. In consideration thereof and without further cost to the Board, the agent was to procure the services of certain officers, including the president, vice-president and managers of various departments and to pay their personal expenses, including traveling expenses and taxes, incurred by the agent otherwise than in the performance of its duties under the contract.

Further, the Board was to pay the actual amount of expenses incurred by the agent, other than those which were to come out of the fixed fee.

Relator is a resident of New Jersey and was to manage the corporation. He was to receive not to exceed $20,000 a year, with the agreement that any profits over $20,000 were to be returned to the Board. Annexed to the contract was a letter of the same date from him, in which he stated that the " understanding is that my personal compensation to be received through the corporation directly and /or indirectly is to be an amount not to exceed $20,000 a year."

He claims that the payments were dividends and not compensation.

He received sixty shares of the stock, his wife forty. He rendered services as an officer. His wife did not render any. Nothing was paid for the stock. It was indorsed in blank for transfer, was deposited with the Board and, upon termination of the relations, was to revert to the Board. The contract does not mention dividends or profits. The payments to the agent were by way of the fixed fee, from which all expenses were to be deducted. Relator's services were an expense. He was the only shareholder to receive a payment and it was contracted for in advance. And there could be no surplus, because everything above the expenses was to be returned to the Board. The compensation was a dividend only in name.

The United States Government did not pay relator for his services. The contract of the Shipping Board was with another corporation, as agent, and relator performed his services for and received his compensation from that agent.

It seems clear that the finding of the Tax Commission should be affirmed.

DAVIS, J., concurs.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to State Tax Commission.