Morris H. Smith, Appellant, *v.* The Long Island Railroad Company, Respondent.

To entitle a person appointed secretary of a railroad corporation, who is not a director or stockholder, to charge a reasonable compensation for his services, it is not essential that a rate of compensation should be agreed

upon, or that there should be an express agreement to pay a compensation. In this respect he stands in no different position from an employe of any other grade, who has rendered services at the request of the corporation.

It is a necessary conclusion from the fact of the election by the board of directors of the corporation, the acceptance of the office and the discharge of its duties, that the services were rendered at the request of the corporation, and these circumstances *prima facie* raise an implied obligation on the part of the corporation to make compensation; and, to rebut that presumption, there should be clear evidence that the services were to be gratuitous.

*Smith* v. *L. I. R. R. Co.* (32 Hun, 38), reversed.

(Argued March 18, 1886 ; decided April 13, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 12, 1884, which reversed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 32 Hun, 38.)

This action was brought to recover compensation for services alleged to have been rendered by plaintiff to defendant as its secretary.

*B. F. Dunning* for appellant. It was error for the General Term to hold, as matter of law, that because plaintiff was secretary of the defendant, and no agreement was made as to his compensation, that he could not, therefore, recover for his services. (Pierce on Railroads, 31 ; Angell & Ames on Corp. [10th ed.] 335, note 2; *R. R. I. & St. L. R. R. Co.* v. *Sage*, 65 Ill. 328; *Am. Cent. R. R. Co.*, 52 id. 174; *Holder* v. *Laf., B. & M. Ry. Co.*, 71 id. 106; *Fraylor* v. *Sonora Min. Co.*, 17 Cal. 594; *Gridley* v. *Laf., B. & M. Ry. Co.*, 71 id. 200 ; *Santa Clara M. A.* v. *Meredith*, 49 Md. 389 ; *Laf., B. & M. Ry. Co.* v. *Cheeney*, 87 Ill. 446.)

*Edward E. Sprague* for respondent. The law will not imply a promise on the part of corporations to pay their officers for official services. (*Talcott* v. *Olcott Manfg. Co.*, 11 N. Y. Weekly Dig. 141 ; *Kilpatrick* v. *Penrose Ferry Bridge Co.*, 49 Penn. St. 118 ; *Austin City R. R. Co.* v. *Swisher*, 15

Rep'r, 760 ; *Holland* v. *Lewiston Bk.*, 52 Me. 565 ; *Citizens' Nat. Bk.* v. *Elliott*, 55 Iowa, 106 ; *Olney* v. *Chadsey*, 7 R. I. 229 ; *Sawyer* v. *Bk.*, 6 Allen, 207 ; *Gurney* v. *A. & G. W.*, 58 N. Y. 367.) The plaintiff's services were clearly gratuitous, as matter of fact. (*Shultz* v. *Hoagland*, 85 N. Y. 464 ; *Knick. L. I. Co.* v. *Nelson*, 78 id. 143 ; Wood on Master and Servant, § 62 ; *Reeve* v. *Reeve*, 1 F. & F. 230 ; *Davidson* v. *Westchester G. L. Co.*, 99 N. Y. 558 ; *Utica Ins. Co.* v. *Bloodgood*, 4 Wend. 652 ; *McCarthy* v. *Mayor, etc.*, 96 N. Y. 1 ; *Riley* v. *Mayor, etc.*, id. 331:) The amount of damages awarded by the referee was excessive. (*Godfrey* v. *Moser*, 66 N. Y. 250 ; *Gray* v. *Supervisors*, 93 id. 603 ; *Lake* v. *Nathans*, 67 id. 589 ; *Coffin* v. *Reynolds*, 39 id. 644.)

ANDREWS, J. Upon the question of fact, whether the services rendered by the plaintiff, as secretary of the defendant, were rendered gratuitously and without expectation on the part either of the plaintiff or defendant that compensation would be made, we concur with the conclusion reached by the referee. We deem it unnecessary to state in detail the evidence bearing upon the question, and shall content ourselves with stating in general terms what, in our judgment, are the controlling considerations. The services were rendered at the request of the defendant. This is the necessary conclusion from the conceded facts that he was elected secretary by the board of directors and accepted the office and discharged its duties. These circumstances *prima facie* raised an implied obligation on the part of the defendant to make compensation, and, in order to rebut the implication, there should be clear evidence that the services were to be gratuitous. The burden was upon the defendant to establish this defense. It is not claimed that there was any express agreement or understanding with the plaintiff that he was to serve without compensation. He was neither stockholder nor director of the defendant, and stood in no relation to the company which entitled it to his gratuitous service, or which made it his interest to serve the company without compensation. He testifies that he expected

compensation, and upon this point he is confirmed by the testimony of one of the directors.    There is no evidence to show that the defendant did not expect to compensate the plaintiff. It had paid a salary to the prior incumbent.    The services incident to the office were not merely nominal, but were valuable, and no presumption exists that an employe of a business corporation is to serve without compensation.    Even if such an expectation existed in this case on the part of the defendant, it would not be a defense unless justified by the acts or conduct of the plaintiff.    The facts relied upon, that the plaintiff was book-keeper for Wallace & Co. and that his services as secretary were rendered during business hours, when Wallace & Co. were entitled to his services, under his contract of employment with them, and that the plaintiff presented no claim for compensation during the five years in which he acted as secretary, do not, we think, countervail and overcome the presumption arising from his employment as secretary, that compensation was to be made.    Their probative force, upon one side or the other, depends upon the inferences to be drawn therefrom.    Wallace & Co. were large stockholders of the defendant and its financial agents, and one of the firm was a director of the company until 1875.  .  It is not an unreasonable supposition that they were willing to consent that the plaintiff should act as secretary and perform the duties of the office from considerations of convenience and interest.    The relation of the plaintiff to Wallace & Co. might furnish some ground for an inference that the firm was to receive the compensation for his services, but not that the service was to be gratuitous. The inference sought to be drawn from the omission of the plaintiff to present a claim for compensation until after he was superseded in the office, although a circumstance of some importance, is not, we think, a sufficient answer to a demand based upon an employment to render service, and especially where no apparent reason exists why a gratuitous service should be rendered or expected.    The point is made on the part of the defendant that the office of secretary, being a corporate office, no right to compensation exists in the absence

of an express contract. The cases cited do not support this contention. The rule that directors or trustees cannot recover for services rendered for the corporation upon an implied promise, is an application of the general rule applicable to trustees. But we perceive no reason of policy or justice which should prevent a person appointed as secretary, and who is neither a director nor stockholder, from receiving a reasonable compensation for his services, although no rate of compensation was agreed upon and there was no express agreement that compensation should be made. Such an officer in this respect stands in no different position from an employe of any other grade who has rendered services at the request of the corporation. We have examined the exceptions and find none which requires special notice. The point, that the allowance by the referee was excessive, was not regarded by the General Term in its opinion, and while the evidence as to the value of the services was conflicting, we do not think the judgment of the referee upon this point should be disturbed.

The order of the General Term should be reversed and the judgment on the report of the referee affirmed, with costs.

All concur.

Ordered accordingly.