ALANSON R. SIMONSON, Respondent, *v.* ALFRED L. SIMONSON, Appellant.

*Supreme Court, Second Department, General Term, June* 28, 1889.

1. *Services. Gratuitous.*—There is nothing to call for a conclusion that services are done gratuitously, where the parties, though related do not form one family.

2. *Same.*—A person, who is in the employment of an estate, may, during the time he is so employed, render services for the executor personally, in case the estate does suffer in consequence, and may recover for the work so performed.

3. *Same. Question of fact.*—The omission by the employee to present a claim for such services, until he has left the employment of the executor, is not sufficient to bar a judgment therefor; at most it is a question for the jury.

Appeal from a judgment entered upon the verdict of a jury.

*A. H. Ammidown*, for respondent.

*Blair & Rudd*, for appellant.

BARNARD, P. J.—The evidence shows that the plaintiff

rendered valuable service to the defendant, and upon his express request. The service was, in general terms, the collection of rents, and procuring tax bills, and directing and overseeing repairs upon real estate of the defendant's wife. The value of the services is proven to be very much greater in amount than the verdict of the jury. Although the parties are related, they did not form one family, and there is, therefore, nothing to call for a conclusion that the service was done gratuitously on that account. The plaintiff was an employee of an estate of which the defendant was one of the executors. There were two others, and the plaintiff was employed in the office of the estate according to a wish expressed by the testator in his will. The services in question were rendered during the time he was so employed, and the defendant claims that the services were rendered under the general employment, and were of the same nature of service as those rendered the estate under the employment. Smith *v.* The L. I. R. R. (102 N. Y. 190 ; 1 N. Y. State Rep. 403), is an authority that a person in the employment of a firm, may render service during business hours, to another party, and may recover for the work so done.

The fact is to be considered with respect to the question whether it was gratuitous. The request was made to the plaintiff to do the work, not by the executors, but by an individual. The subject of the service was not the estate property, but the property of the defendant or his wife. It is neither proven or claimed that the estate suffered in consequence of the work done by plaintiff for defendant. It is neither proven or claimed that there was any express agreement that the work was to be gratuitous. Under this circumstance, the law implies a promise to pay. Ross *v.* Hardin, 79 N. Y. 84.

The omission to present the claim until after the plaintiff left the office of the executor, was a fact which existed in the case of Smith *v.* The L. I. R. R. The court of appeals

held it not to be a fact sufficient to cover a judgment for the service. At most it was a question for the jury, and the jury on all the evidence, has found that the service was not gratuitous.

The judgment should, therefore, be affirmed, with costs.

All concur.