CHARLES W. MATHER, Appellant, v. THE EUREKA MOWER COMPANY, Respondent.

Where a stockholder of a corporation becomes an officer thereof, assumes the duties of the office and performs them without any agreement or provision for compensation, the presumption, in view of his relation and interest, may properly arise that he intends to perform the services gratuitously.

In an action to recover for services as treasurer of a corporation it appeared that plaintiff was a stockholder of the corporation and was a member of a banking firm, the other member of which was also a stockholder and trustee which firm it was understood should have the banking business of the corporation. It also appeared that a by-law of defendant empowered its board of trustees to fix the compensation of its officers, and while that of the secretary was so fixed no compensation was designated or provided for the treasurer. *Held*, the evidence warranted the finding that there was no agreement express or implied to support plaintiff's claim and that the action was not maintainable.

*Smith* v. *L. I. R. R. Co.* (102 N. Y. 190), distinguished.

*It seems* that after a party has declined to produce books and papers duly called for by the opposite party, thus compelling the ;latter to resort to secondary evidence of their contents, he will not be permitted to introduce them in evidence in his own behalf, to meet such secondary evidence or to give oral evidence for that purpose.

Mem. of decision below, 44 Hun, 333.

(Argued February 24, 1890 ; decided March 11, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department entered upon an order made January 11, 1887, which affirmed a judgment in favor of defendant entered upon a report of a referee.

The nature of the action and the facts are sufficiently stated in the opinion.

*John W. Boyle* for appellant. The plaintiff is entitled to recover upon the express promise alleged and claimed to have been made by defendant's president and certain trustees, to pay plaintiff what his services were worth, and for his disbursements for clerk hire and expenses, and upon *quantum meruit*. (*Smith* v. *L. I. R. R. Co.*, 102 N. Y. 190 ; *Gardner* v. *Gardner*, 19 Wkly. Dig. 249.) There is no evidence in the case which will sustain or justify the finding that plaintiff's

services were intended to be gratuitous. (*Smith* v. *L. I. R. R. Co.*, 102 N. Y. 190.) The court erred in holding that, under the circumstances of this case, the plaintiff, being a stockholder of defendant's corporation, cannot recover for his personal services as treasurer, in the absence of a by-law attaching a salary to the office, or some action of the trustees providing for his compensation. (*Hooper* v. *E. Bank*, 30 N. Y. 83–86.) The court erred in allowing defendant to contradict by oral testimony the evidence given on behalf of plaintiff, and to show orally the contents of some of the books and papers which defendant had refused to produce. (*Platt* v. *Platt*, 58 N. Y. 649; *Tyng* v. *U. S. S. & T. & B. Co.*, 1 Hun, 161.) The referee erred in finding that the personal services of the plaintiff were intended to be gratuitous, and were performed by him without expectation on his part, and without agreement or understanding on the part of defendant that he should receive any compensation therefor. (*Mason* v. *Lord*, 40 N. Y. 476, 484; *Beck* v. *Sheldon*, 48 id. 365.)

*Cookinham & Sherman* for respondents. The general presumption is that officers of corporations, who are stockholders, serve without compensation. (*Kilpatrick* v. *P. F. B. Co.*, 49 Penn. St. 118; *I. L. Co.* v. *Hough*, 91 Ill. 63; *E. M. Co.* v. *Browne*, 58 Ga. 240; *Cheney* v. *L. B. & M. R. W. Co.*, 68 Ill. 570; *L. Association* v. *Stonemetz*, 29 Penn. St. 534; *N. Y. & N. H. R. R. Co.* v. *Ketchum*, 27 Conn. 170; *Henry* v. *R. & B. R. R. Co.*, 27 Vt. 435; *Butts* v. *Woods*, 37 N. Y. 317; *M. F. G. R. R. Co.* v. *Banegan*, 40 Ind. 361; *Smith* v. *L. I. R. R. Co.*, 102 N. Y. 190.) The appellant cannot recover, for the reason that he, being a stockholder, is presumed to have knowledge of the by-laws under which he acts and takes his office subject to them. The by-laws fixed no salary for the treasurer of the defendant. (Potter on Corp. § 79; *Adriance* v. *Roome*, 52 Barb. 399; *Risley* v. *I. & B. & W. R. R. Co.*, 4 T. & C. 13; *S. C. M. Association* v. *Meredith*, 49 Md. 389; *L. & C. R. R. Co.* v. *Cheeney*, 87 Ill. 447; *L. & T. Ins. Co.* v. *M. F. Ins. Co.*, 7 Wend. 31–34; *Alexander* v. *Cauldwell*, 83 N. Y.

480.) The exception of the appellant to the first conclusion of law of the referee is not good, for the reason that a person who is a stockholder and officer of a corporation is presumed to know what the by-laws are. (*Adriance* v. *Roome*, 52 Barb. 399; *Risley* v. *I. B. & W. R. R. Co.*, 4 T. & C. 13; Potter on Corp. § 79.) The respondent had the right to withhold the books when noticed to produce them, and the only effect it had upon the appellant was to allow him to give secondary evidence of their contents if he so chose. (1 Greenleaf on Ev. § 560; *Tyng* v. *U. S. S. & T. B. Co.*, 1 Hun, 161; 60 N. Y. 644.)

Bradley, J. The plaintiff was the first treasurer of the defendant, a manufacturing corporation, and was appointed as such in April, 1884, entered into actual service in July following, and served about ten months. He sought, by this action, to recover compensation to which he claimed he was entitled. The referee found that the plaintiff's services were performed without any expectation on his part, or any agreement or understanding that he should receive compensation, and that they were intended to be gratuitous. And, as a conclusion of law, the referee determined that the plaintiff was not entitled to recover any sum for his services as treasurer, but allowed to him seventy-five dollars for clerical services of another employed by him as bookkeeper. The value of the plaintiff's services was found by the referee to have been $300. The main question upon the merits is whether the conclusion that there was no agreement, express or implied, to support the plaintiff's alleged claim, was warranted by the evidence.

The fact that the plaintiff was appointed or employed as treasurer by the defendant, and that he performed beneficial services for the defendant, presumptively entitled him to payment of their value. (*Smith* v. *Long Island R. R. Co.*, 102 N. Y. 190.) And when that appeared the burden was with the defendant to relieve itself from liability. This it sought to do by making it appear that the plaintiff was a stockholder of the defendant; that he was a member of a banking firm of

A. D. Mather & Co., composed of himself and another, who was also a stockholder and one of the trustees of the defendant; and that it was understood that such firm should have the banking business of the defendant. The further fact appeared that by a by-law of the defendant the power was given to the board of trustees to fix the compensation of its officers, and while that of secretary was so fixed, no compensation for the treasurer was designated, and no provision made by the board in that respect.

It is well settled that a director of a corporation is not entitled to compensation for services performed by him, as such, without the aid of a pre-existing provision expressly giving the right to it. They are the trustees for the stockholders, and as such have the management of the corporate affairs. And to permit them to assert claims for services performed and then support them by resolution, would enable the directors to unduly appropriate the fruits of corporate enterprise. It would clearly be contrary to sound policy. The same reason may not exist for the application of the rule to a stockholder not a director, who has become an officer of the corporation. But he has a pecuniary interest in its management and business. And when he assumes the duties of the office, and performs them without some agreement or provision for compensation, the presumption in view of his relation and interest may properly arise that he performs the official services gratuitously. This proposition cannot be made dependent upon the proportionate amount of the stock held by him. If the officer expects to have compensation, and the corporation intends to pay him for his official services, it may easily be provided for by resolution or agreement before he enters upon his services. This is at all events a salutary rule, as applied to an officer who is a stockholder of the corporation. (*Loan Assn.* v. *Stonemetz*, 29 Penn. St. 524; *Kilpatrick* v. *Penrose Ferry Bridge Co.*, 49 id. 118; *Smith* v. *Putnam*, 61 N. H. 632; *Gill* v. *N. Y. C. Co.*, 48 Hun, 524; *Barril* v. *C. I. & W. Co.*, 50 id. 257.) In such case there may be presumed to exist a reason, in the fact, of such relation and interest, to induce

him to assume and exercise the duties of the trust, not dependent upon compensation for services when nothing appears to the contrary. The plaintiff had the relation of stockholder, and in addition to his interest as such in the corporation he had a further interest as banker in having the benefit, such as it might be, of doing the banking business which the company might furnish. In view of those considerations and the further fact that he accepted the office and performed its duties without any express understanding that he should have compensation, the referee was permitted to conclude, as he did, that the plaintiff accepted the office of treasurer without any view to compensation and performed the services gratuitously. The conflict of evidence bearing upon that subject was disposed of in the court below, and can have no consideration on this review.

In *Smith* v. *Long Island Railroad Company*, the plaintiff who performed the duties of secretary of the defendant was neither a stockholder or director of the defendant, and, as the court there remarked, stood in no relation to the company which made it his interest to serve it without compensation.

In the present case several exceptions were taken to the reception of evidence. After the defendant had declined to furnish the books and papers called for by the notice of the plaintiff to produce them, the defendant could not properly be permitted to introduce them as evidence in its own behalf to meet the secondary evidence of the plaintiff as to their contents, or to give oral evidence to that effect for such purpose. (*Bogart* v. *Brown*, 5 Pick. 18; *Tyng* v. *U. S. S. & T. B. Co.*, 1 Hun, 161.) The evidence given by the defendant having relation to what appeared in the books and papers embraced in the notice to produce, did not tend to contradict the evidence on the part of the plaintiff in any material respect, and no harm could have in any manner resulted from it to the plaintiff.

All the exceptions have been carefully examined, and none of them seem to point to any error prejudicial to the plaintiff.

The judgment should be affirmed.

All concur, Vann, J., in result; Follett, Ch. J., not sitting.

Judgment affirmed.