JAMES DALTON v. THE BRUSH ELECTRIC LIGHT CO.

COMPENSATION OF A DIRECTOR OF A CORPORATION WHO ACTS AS ITS TREASURER.

Where a person, acting as a director in a corporation, is afterward elected as its treasurer, and while thus serving he has no express contract with the company at the time of his election, that he was to be paid for his services; such facts would not preclude him from recovering for the fair and reasonable value of his services, if they were valuable and were rendered under such circumstances as showed that he was to be compensated therefor.

HEARD ON ERROR.

SMITH J.

The plaintiff in error seeks the reversal of the judgment rendered against him by the superior court of Cincinnati, and the principal ground urged for the reversal is, that the trial judge after the testimony on both sides was fully heard, charged the jury that the plaintiff on the evidence was not entitled to recover, and directed them to return a verdict for

the defendant. He also declined to give certain special instructions asked for by plaintiff's counsel. Plaintiff excepted to the instructions as given and refused, and a verdict having been rendered by the jury, as directed by the court, a motion for a new trial was made on these grounds, and was overruled by the court, and exceptions taken, and a bill of exceptions was allowed, setting out what the evidence on the part of the plaintiff tended to prove, as well as that on the part of the defendant; the charges given and refused and the exeptions thereto. The petition of the plaintiff avers that the defendant company is a corporation, doing business in this state and city, and that on March 20, 1890, he was duly elected treasurer of said company by the board of directors thereof, and that he accepted, and immediately entered upon the discharge of its duties, and so continued until August 15, 1890. devoting his time and services in the preformance of its duties, from April 1, 1890, to August 15, 1890, continuously, for which the defendant company became bound to pay to him a reasonable compensation for his servises, which services are of the value of $200 per month; that the company has not paid him any compensation therefor; and the whole value thereof of $900, with interest from August 15, 1890, is due and unpaid, and he asks judgment therefor.

The answer admits that it is a corporation, and that on April 1, 1890, the plaintiff was duly elected treasurer of said company, and denies each and·every other allegation of the petition.

The bill of exceptions shows that evidence was offered tending to show, that at the request of the president of the defendant company, the plaintiff accepted a certificate for one share of the capital stock of the company; that in receipt thereof, he executed in blank, a transfer and power of attorney upon the back thereof and returned it to the president of the company, from whom he had received it, never having in fact any beneficial interest or ownership in the said stock, and was not otherwise interested in said company; and at the same time, March 20, 1890, he was elected by the board of directors of the company as a director therein, and on the same day was elected to fill the office of treasurer of said company; that he accepted the same and continued in said office until August 15, 1890, and that he devoted his attention daily to the duties of his office as treasurer, examined accounts, took charge of and deposited monies, executed checks, conferred with the creditors and with the president of the company in reference to corporate indebtedness, and spent the necessary time each day at the office of the company for the transaction of his official duties.

That he called the attention of the president to the matter of fixing his compensation several times and was informed that it would be attended to, but that it never was. Plaintiff also offered in evidence article 10 of the constitution of the company defining the duties of the treasurer of the company and which duties the evidence tended to show had been performed by him, and offered article 4 of the by-laws of the company, which provides that the board of directors shall fix all salaries, and further offered proof tending to show that no salary was or had been fixed by the board for the office of treasurer at the time he entered upon the office, or subsequently during his term, and that no agreement had ever been made as to the amount of salary that should be paid to the plaintiff; and further that his resignation as treasurer was accepted about September 1, 1890, he, in consequence of sickness, having ceased to perform its duties from and after August 15, 1890, and that on

August 15, 1890, he forwarded to the company, through its acting president, a bill for said services from April 1, to August 15, 1890, at the rate of $200 per month amounting to $900, which bill the board declined to pay. He further offered evidence tending to show that his said services so rendered were of the value of from $150 to $250 per month.

The defendant then offered evidence tending to show that the plaintiff as treasurer did not render the services claimed and that they were not of the value claimed by him. That the provisions of the constitution and by-laws referred to were in force at the time of his election and during his term and that no salary for the treasurer had been fixed, and that the plaintiff had not called the attention of the acting president to the fixing of the treasurer's salary.

At the conclusion of the evidence the defendant company moved the court to instruct the jury to return a verdict for the defendant, which he did refusing to give special charges asked by plaintiff's counsel, and in accordance with the instruction, the jury returned a verdict for defendant. Was this action of the court in directing a verdict for the defendant right?

It must be conceded we think, that if Mr. Dalton had not been a director of this company at the time of his election to the office of treasurer thereof, and while he held the same, that on the production of his evidence tending to prove his election as treasurer, that he had no substantial interest in the defendant company and that as such he rendered services worth from $150 to $250 per month and that on several occasions, while rendering the services, he called the attention of the president to the matter of fixing his compensation, and was informed that it would be attended to, he was entitled to have the judgment of the jury on the question whether on the evidence he had shown a right to recover, and if so how much that is, whether in their opinion on the evidence submitted, the services were rendered by the plaintiff gratuitously, and without any expectation on his part that he was to be compensated therefor, or whether the defendant, under all the circumstances shown did suppose and had reason to so think that they were gratuitously rendered. In this case there certainly was evidence tending to show that the services were rendered at the request of the company, and with its full knowledge, and that they were valuable and that the plaintiff expected to be paid therefor. And we think it must be conceded that they were of that character that the jury might properly have found are usually paid for, as well as those rendered by a lawyer or other professional man, or by a laborer in the field or shop.

Does the fact that the person elected treasurer was at the time and during his term of office, a member of the board of directors, as a matter of law absolve the defendant company from any liability to pay the reasonable value of his services? If so, the ruling of the court and the direction given to the jury were right, and the judgment should be affirmed, but if this is not the case in our judgment the trial court erred, for then the proper course would have been to submit the matters in issue to the jury, with appropiate instructions.

It must be admitted that the adjudications on this point are not harmonious, but are in direct conflict. For instance it is held in the case of *Kilpatrick* v. *Bridge Co.*, 49 Pa., St., 118, "that corporations are not liable on a *quantum meruit* for services performed by their officers. There must be an *express* contract for compensation or there can be no recovery." And in *Holden* v. *R. R. Co.*, 71 Ill., 156, it is held, "that where a director

of a railway company, is appointed treasurer, and no provision at the time is made for his compensation, he will have no right to claim pay for the same, and the subsequent allowance of a claim in his favor, will not entitle him to recover." And in 118 N. Y., 629 while the syllabus of the case simply is, that if a stockholder of a corporation becomes an officer thereof assumes the duty of the office and performs them, without any agreement or provision for compensation, the presumption, in view of his relation and interest, may properly arise that he intends to perform the services gratuitously, and that the evidence showed in that case that he did so, yet in t he opinion of the judge announcing the decision, stronger language, bearing on the question before us, is used. Judge Bradley says, "It is well se tled that a director of a corporation is not entitled to pay for services performed by him as such, without the aid of a pre-existing provision, expressly giving the right to it. They are the trustees of the stockholders, and as such have the management of the corporate affairs. And to permit them to assert claims for services performed, and then support them by resolution, would enable the directors to unduly appropriate the funds of the corporate enterprise. It would clearly be contrary to sound policy."

On the other hand it is stated in Thompson on Corporations, section 4704, that "such offices as that of secretary, treasurer and general manageing agent, are merely *ministerial* offices. Their incumbents do not stand on the same footing as directors, nor even as the president, in respect of their right to compensation. It is not the rule, as in the case of a director, that the law does not *imply a promise* to pay for such services. On the contrary, while it cannot be said that the law under all circumstances will imply such a promise, it may be affirmed on authority that it is not necessary in order for such an officer to recover a reasonable compensation for his services, that there should have been an express agreement that he should be paid for them."

It is true that the case cited to sustain this doctrine, is that of *Smith* v. *Long Island R. R. Co.*, 102 N. Y., 190, in which case the plaintiff who sued to recover for services as secretary was not a director of the company, and in this respect was different from the case at bar. But it is difficult to see why the mere fact that he was a director should of itself operate to prevent him from recovering the reasonable value of his services as treasurer, if the other requisites were shown—that is that they were rendered under an implied contract that he was to be paid therefor. In Beach on Corporations, Sec. 235, it is said : " It is not customary to compensate directors for services rendered by them to the company in the regular course of their duty, and they cannot recover therefor, except upon some express agreement entered into between them and the company before the rendition of the services or under a previously existing charter or by-law. But for services beyond the scope of their official duty directors, like other persons, may demand *quantum meruit* compensation."

Our statute, Sec. 3252, provides that a corporation by its regulations may provide for, "4. The duties and compensation of officers," and in 42 O. S. 579 the court held that associations organized under Sec. 3630, which contains no special provision as to compensation of officers, "that the trustees unless specially invested with the additional capacity and authority of officers or agents, are limited in their claims to compensation to such sums as will reasonably compensate them for the time and expense in going to, attending, and returning from their official meetings, and for their services while in session."

Dalton v. Electric Light Co.

In the case of *Rogers* v. *R. R. Co.*, 22 Minn., 25, where the plaintiff brought an action to recover compensation for services claimed to have been rendered by him as secretary of the company, but his compensation had not been fixed as required by the by-laws, and where he also sought to recover the value of services rendered by him to the company as land commissioner and as an attorney while he was acting as a director of the company and without any special contract, it was held that he was enti- tled to recover for all such services on the *quantum meruit*. And in 29 Kansas, 311, it was held that where the directors of a corporation appoint one of their number to act as treasurer, secretary, or other ministerial officer of the corporation, he is *prima facie*, entitled to reasonable com- pensation for his services as such officer.

The judge who announced the decision of the court in the case of *Gardner* v. *Butler*, 30 N. J. Eq., 723, used this language, which it seems to us states the law clearly and correctly on the general question. "The directors of a corporation shall not be permitted to enter into engage- ments in which they have a personal interest, conflicting with the inter- ests of those whom they are bound by fiduciary duty to protect, and that no consideration of their apparent or intrinsic fairness will induce a court, either of law or equity to enforce them against the resisting *cestui que trusts* is well settled." * * * "The rule is that the trustee cannot fortify himself by a contract with himself for his own benefit, and set it up either at law or in equity as a valid obligation. It is of no binding force as a contract, and the *cestui que trusts* may repudiate it at will. The agreement therefore which the directors made with themselves, must be pronounced to be illegal, and can furnish no support to their defense, as contracts. But while the express undertaking is without legal force, the directors of a company have a right to serve it in the capacity of officers, agents or employees, and for such services the law will enable them to receive a just and reasonable compensation. The law restrains them from making a contract when their own gain intervenes between their exercise of judgment and their duties as trustees ; but it does not operate to deprive the company of the service of those who in many cases may alone possess the skill requisite to the successful management and control of the corporate business, and who may have the chiefest interest in its prosperity. Stockholders, because they are directors, are not com- pelled to commit the success of the company to strangers, or else render their own service gratuitously. No claim which they may make against their company can acquire any support or validity from the fact that they have expressly sanctioned it; it must rest exclusively upon its fairness and justice, and be enforced upon the *quantum meruit*. Such is the full scope and effect of the rule, and the extent to which the transaction is annulled as will be found by an examination of the cases."

The general doctrine as to a recovery on an implied contract by an officer of a corporation for extra services is well stated in the opinion of Morton Judge, in the decision *Pew* v. *Bank*, 130 Mass., 395. "A bank or other corporation may be bound by an implied contract in the same man- ner as an individual may. But in any case, the mere fact that valuable services are rendered for the benefit of a party, does not make him liable upon an implied promise to pay for them. It often happens that persons render services for others which all-parties understand to be gratuitous. Thus directors of banks and of many other corporations usually receive no compensation. In such cases, however valuable the services may be

7 Dec. 10

the law does not raise an implied contract to pay by the party who receives the benefit of them. To render such party liable as a debtor under an implied promise, it must be shown, not only that the services were valuable, but also that they were rendered under such circumstances as to raise the fair presumption that the parties intended and understood that they were to be paid for; or, at least, that the circumstances were such that a reasonable man in the same situation with the person who receives and is benefited by them, would, and ought to understand that compensation was to be paid for them. 6 Allen, 207." 3 C. C., 291.

In this conflict of adjudication, we are of the opinion that the fact that Mr. Dalton was a director of this corporation when he was elected as treasurer thereof, and while he served as such, and that he had no express contract with the company at the time of his election, that he was to be paid for his services, would not preclude him from recovering the fair and reasonable value of his services, if they were valuable, and were rendered under such circumstances as showed that it was the intention of both parties that he was to be compensated therefor. And as there was evidence tending to show this, the action of the trial court in directing a verdict for the defendant was erroneous, and for this reason the judgment will be reversed.

*Bateman & Harper*, for Plaintiff in Error.
*Paxton Warrington & Boutet*, contra.