THE FARMERS' LOAN AND TRUST COMPANY and MATILDA E. STARBUCK, as Executors of WILLIAM H. STARBUCK, Deceased, Respondents, *v.* THE HOUSATONIC RAILROAD COMPANY, Appellant.

1. APPEAL — CAUSE TRIED OUTSIDE THE PLEADINGS. It is not a fatal objection on appeal that the cause was tried outside the pleadings, in the absence of some specific objection to that course.

2. RIGHT OF PRESIDENT OF CORPORATION TO A SALARY — QUESTION FOR THE JURY. A resolution on the books of a corporation fixing the salary of its president at "$5,000 a year," under which a former president regularly drew his salary for fifteen years without further resolution and which has never been changed or modified, may, in connection with the acquiescence of the directors and the conduct of the parties, make a case for the jury as to the right of a president of the corporation to such salary when he has served for more than two and a half years before drawing any salary.

3. EVIDENCE — CHECK OF CORPORATION. A check appearing on its face to be the very instrument described in the complaint as the check of a corporation, which is the defendant, when signed by the assistant treasurer, whose signature or authority is not questioned, cannot be excluded from evidence on behalf of the plaintiff on a merely general objection specifying no grounds therefor, although it appears that the plaintiff while president of the corporation procured the check to be drawn for his own benefit on a claim for salary.

*Starbuck* v. *Housatonic R. R. Co.*, 83 Hun, 534, affirmed.

(Argued March 5, 1897; decided March 16, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered January 28, 1895, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wheeler H. Peckham* and *Hoffman Miller* for appellant. The court erred in not dismissing the complaint and directing a verdict for defendant, in charging the jury that they might find the resolution of September 18, 1872, to be a contract between plaintiff and defendant, and in receiving the check sued on in evidence. (*Mather* v. *E. M. Co.*, 118 N. Y. 632; *Smith* v. *L. I. R. R. Co.*, 102 N. Y. 194; *Gill* v. *N. Y. C. Co.*, 48 Hun, 524; *Barril* v. *C. W. P. Co.*, 50 Hun, 258; *Kelsey* v. *Sargent*, 40 Hun, 156; 2 Cook on Stockholders, § 657; *N. Y., N. H. & H. R. R. Co.* v. *Ketchum*, 27 Conn. 170; *Ellis* v. *Ward*, 33 Am. & Eng. Corp. Cas. 200; *Kilpatrick* v. *Penrose*, 49 Penn. St. 118; *Martindale* v. *Wilson*, 134 Penn. St. 348; 1 Morawetz on Corp. [2d ed.] §§ 508, 517; *Voltz* v. *Blackmar*, 64 N. Y. 446.) The verdict is not only against the weight of evidence, but is without any legal evidence whatever to support it. (*Simonson* v. *N. Y. C. Ins. Co.*, 141 N. Y. 17.)

*David McClure* for respondents. The court made no error in submitting the case to the jury. (*Dwight* v. *G. L. Ins.*

*Co.*, 103 N. Y. 341.) There was an abundance of evidence upon which the verdict was founded. (*Simonson* v. *N. Y. C. Ins. Co.*, 141 N. Y. 14; *Mather* v. *E. M. Co.*, 118 N. Y. 629; *Smith* v. *L. I. R. R. Co.*, 102 N. Y. 192.)

O'BRIEN, J. This action was brought by William H. Starbuck against the defendant upon a check for $12,916.67, dated June 15, 1892, signed by the defendant's assistant treasurer, directed to the First National Bank of Bridgeport, Conn., for the payment to the order of cash of the sum mentioned. It was indorsed by Starbuck for deposit in the Farmers' Loan and Trust Company to his credit, and was subsequently presented to the drawee and dishonored. The trial resulted in a verdict for the plaintiff, which was affirmed at the General Term. Subsequent to the entry of the judgment in that court Starbuck, the plaintiff, died and the present plaintiffs on the record, his executors, were brought in and substituted in his place. It will be more convenient, however, in discussing the case and designating the parties to treat the record in the same way as if the original title of the case had not been changed.

The only cause of action stated in the complaint is upon the check itself. The only defense stated in the answer is a denial of the allegation of the complaint that the defendant made the check, and, further, that the defendant was not at the time indebted to the plaintiff, and that there was no consideration for the instrument.

The pleadings, therefore, presented two distinct issues or questions of fact for trial:

(1) Whether the check set forth in the complaint was the obligation of the defendant, and

(2) Whether there was any consideration for the same as between the plaintiff and the defendant.

The plaintiff's contention was that the check was made and delivered to him in payment of his salary, as defendant's president from December, 1887, when he was elected, to June 15, 1892, when he resigned, at the rate of $5,000 per year.

The learned counsel for the defendant complains that the cause was tried outside the pleadings, and in the same manner as if the action had been brought for the recovery of the salary. If this contention were correct, it would not be a fatal objection in this court, in the absence of some specific objection to that course, since parties may, if they so elect, depart from the strict issues made by the pleadings and try other questions relating to the merits of the controversy by consent or acquiescence. But we are unable to see that there was any substantial departure from the issues formed by the pleadings. The defense that no debt was due by the defendant to the plaintiff, and, consequently, that there was no consideration for the check, drew into the case all the relations and transactions between the plaintiff and the defendant from the time of his appointment to the time of his resignation as president. All the facts and circumstances bearing on the question whether there was, in fact, a debt due by the defendant to the plaintiff, at the time the check was drawn, were presented to the jury, and it seems to me they were within the issue of indebtedness or consideration for the check. The plaintiff had no debt against the defendant, and there was no consideration for the check unless the directors had expressly authorized the salary and fixed its amount by pre-existing resolutions. The plaintiff, being not only the president but a director as well, could not recover upon a *quantum meruit* or any implied contract. He was bound to show that the directors had assented to his right to compensation or had authorized the payment in some form. (*Mather* v. *E. M. Co.*, 118 N. Y. 632; *Smith* v. *L. I. R. R. Co.*, 102 N. Y. 190; *Barril* v. *Calendar I. & W. P. Co.*, 50 Hun, 258.) This drew into the case the principal question of fact that was tried. It appears that the president of this defendant always had a salary, commencing in 1864 with a resolution fixing the compensation of the president at $5,000 for the ensuing fiscal year. In 1869 the salary was fixed at $3,000, but in subsequent years it was again raised to $5,000. In 1872 William H. Barnum was elected president, and the

records of the corporation show that there was "voted to the president a salary of $5,000 a year." From that time to the death of Mr. Barnum, fifteen years afterwards, he was re-elected annually and drew the salary at that amount without further resolution. The plaintiff succeeded him, and, though he knew of the resolution from the books, he drew no salary till just before the time of his resignation, when he procured the check in question for a portion of it. The resolution of 1872 was never changed or modified, and it might well be treated as the standing authority for the payment of the salary to the individual who filled the office, as it had been treated for fifteen years. If that was not so, it was at least a question for the jury whether, from the existence of the resolution, the acquiescence of the directors and the conduct of the plaintiff, it was not so understood and treated by the parties concerned. All the facts and circumstances having been submitted to the jury, the verdict must be treated in this court as a finding of fact that there was due to the plaintiff at the time the check was drawn the sum specified therein for salary.

The other question was whether the check was that of the defendant, and it is intimately related to the question already referred to and to another question which has been discussed by the learned counsel for the defendant with considerable force and earnestness. On the trial the plaintiff gave the check in evidence under the defendant's objection and exception, although no ground of objection was specified. Without deciding what in any case is the real value or effect of such an exception, it is safe to say that it raised no question as to the execution of the paper or with respect to any other defect in the proof that could have been supplied if a specific objection had been made. If the check, when produced, was absolutely void and proved nothing, under any possible view of the facts, then perhaps a general objection was sufficient. But upon its face it appeared to be the very instrument described in the complaint, and the check of the defendant. It was signed by the assistant treasurer, and no question was raised with respect either to the genuineness of his signature or

to his authority to draw checks for the defendant.   If it proved  .
or tended to prove the allegation of the complaint, that the
defendant was indebted to the plaintiff upon a check, it was, of
course, admissible in evidence.  But it is said that, since the plain-
tiff procured the check to be drawn for his own benefit, the situ-
ation is the same as if he had drawn the check himself, pay-
able to himself, and hence it is void, and proves no more than
a piece of blank paper.   At least, this is what we understand
to be, in substance, the contention of the learned counsel for
the defendant.   It should be observed that there is no defense
that, for any reason, the parties to the instrument were dis-
abled from contracting with each other, and that is not always
admissible under the general issue ; but, aside from that point,
we do not see how the court could have excluded the very
instrument in controversy.   If it was infected with any infirm-
ities, they were not apparent on its face, nor conclusively
proven.

Assuming, as we must, for the purpose of this question,
that the defendant was indebted to the plaintiff for the salary,
he had the right to receive it, and some one must have had the
authority to pay him.   If he could not draw the check him-
self, he could ask some other officer in charge of the financial
matters of the defendant to do so, and it appears that this was
substantially what he did.   When a check is produced, signed
by the treasurer or assistant treasurer of a corporation, and
appearing on its face to be the check of the corporation, and
no objection is made to it on the ground that it is not executed
by the proper person, or in such form as to bind the corpora-
tion, it cannot be legal error for the court to receive it under
such an issue as this case presented.   How much it proves
when received is quite another question.   Of course, from
the standpoint of the defendant, this was not the obligation
or contract of the railroad, but that depended upon facts that
the jury had to pass upon.   If there was no debt due to the
plaintiff, and no authority to make the check, then it was not
an instrument made by the defendant in a legal sense ; but
from the resolution of 1872, the conduct of the plaintiff and

the defendant's directors, and all the circumstances shown, the finding was that a debt existed. The proofs were of such a character that the court could not properly have taken that question from the jury, and nothing appeared upon the face of the check, and nothing was indicated by the objection made, that would have justified its exclusion as evidence. The case was very fully examined in the court below and, as it seems to us, correctly decided. After a careful examination here, in view of the argument of the learned counsel for the defendant, we have been unable to find any question of law involved in the record of sufficient importance to warrant us in disturbing the judgment, and it must, therefore, be affirmed.

All concur.

Judgment affirmed.