HOFFMAN HOUSE OF NEW YORK v. HOFFMAN HOUSE CAFÉ.

(Supreme Court, Trial Term, New York County. December, 1900.)

REFERENCE—FINDING OF REFEREE—EFFECT OF DETERMINATION—ISSUES PRE-
SENTED.

The answer, in an action for supplies and services furnished defendant,
alleged that defendant had loaned plaintiff a certain sum, and pleaded,
by way of counterclaim, that such money was loaned plaintiff under an
agreement that interest should be paid thereon from the date of the loan.
On an appeal, the case was remanded, with the direction that the issues
raised by the complaint and answer be submitted to a referee, and that
those raised by the counterclaim and reply be tried by a jury. *Held*, that
a determination by the referee, giving the defendant credit for the prin-
cipal of such loans, would not entitle the plaintiff to a judgment on the
pleadings on the issues raised by the counterclaim and the reply, on the
ground that the issues had been determined by the referee, since the allow-
ance of the claim did not determine whether it was an interest-bearing loan
or a payment, and the question of defendant's right to interest was not
involved in the issues determined by the referee.

Action by the Hoffman House of New York against the Hoffman
House Café. Motion for judgment on the pleadings denied.

Turner, McClure & Rolston, for plaintiff.
Carter, Hughes & Dwight, for defendant.

McADAM, J. An order was made at special term referring the
issues raised by the pleadings to a referee to hear, try, and deter-
mine the same. On appeal, the appellate division decided that the
order should be modified by providing for a trial of the issues raised
by the complaint and the defenses set up in the answer thereto be-
fore the referee, and that the issue raised by the counterclaims and
the reply thereto should be tried by a jury. As thus modified, the
order was affirmed. 36 App. Div. 176, 55 N. Y. Supp. 763. A trial
was had before the referee, whose report in favor of plaintiff has
been filed. Thereafter, on the trial by a jury of the issue raised
by the counterclaims and reply, the plaintiff moved for judgment on
the pleadings and record, on the ground that the said issue was in-
cluded among the issues raised by the complaint and the defenses
thereto, and had been determined in its favor. An examination of
the record fails to justify plaintiff's position. The complaint al-
leges the furnishing of certain supplies to, and the performance of
certain services for, the defendant, at its request, between June 1,
1894, and January 14, 1898, which supplies and services were rea-
sonably worth the sum of $20,472.27; that no part of this sum had
been paid, except that during the period mentioned the defendant
had paid the plaintiff the sum of $11,528.01 in cash and $4,482.71
by the delivery of goods of that value; and demands judgment for
the balance alleged to be due as shown by a statement of the trans-
actions of the parties annexed to the complaint. The answer, so
far as material on this motion, admits the payment of $11,528.01
in cash, and the delivery of certain goods, wares, and merchandise;
denies the correctness of the balance shown by plaintiff's statement;
as a further and separate defense, sets up loans to the plaintiff of

$5,000 and $2,500 in full payment of the plaintiff's claim; alleges, by way of counterclaim, the making of the loans to the plaintiff of $5,000 and $2,500; that the plaintiff promised to pay the same, with interest from the date of the loan; and to the extent that each principal sum, with interest thereon, has not been applied in discharge of the plaintiff's claim, demands judgment for the amount not so applied. The referee found that defendant had paid to the plaintiff $11,528.01 in cash, thus crediting the defendant with the payment of the two sums of $5,000 and $2,500 with others, without any allowance of interest, so that the jury trial is to pass on the right of the defendant to recover interest on these two sums, on the theory that they were loaned to the plaintiff at interest. The defendant is not in this respect concluded by the referee's finding. Earle v. Earle, 93 N. Y. 104; Springer v. Bien, 128 N. Y. 99, 27 N. E. 1076. The findings of a court or referee are final only as to facts litigated and decided which relate to the issue before the court or referee for trial, and the determination of which was necessary to the determination of that particular issue. Reynolds v. Insurance Co., 160 N. Y. 651, 652, 55 N. E. 305. A referee derives his power from the statute under an appointment by the court, which in its order may prescribe or (as was done here) limit his duties, and any judgment rendered by him must not exceed, but be strictly within, the authority conferred. Edwards, in his work on Referees (at page 17), says: "Under chancery practice, a master's report was not to be respected which exceeded the terms of the reference, and so it must be with a referee" appointed under the Code. As the modified order specifically directed that the disputed question whether the $5,000 and $2,500 were loans put out at interest should be passed upon by a jury as a distinct and separate issue, it was clearly intended that the referee should not pass upon such issue, and he could not, therefore, pass upon the same, and it is still open to determination in the manner prescribed. The fact that the referee gives the defendant credit for payments of $5,000 and $2,500 does not of itself establish that these sums were not loans to the plaintiff, and the question as to whether they were loans was by the appellate division directed to be tried by a jury, and to be determined solely in that manner. Effect can be given to the direction of the appellate division only by holding that the jury must determine whether the $5,000 and $2,500 were loans that carried interest, to the end that the defendant may in some appropriate form get the benefit of such interest, if it be in this instance a proper subject of recovery. It must be assumed that the appellate division before making its decision carefully considered the point urged by the plaintiff, that interest is a mere incident of the principal,—inseparable from it, even for the purpose of a separate trial,—and that the appellate court directed such a trial notwithstanding. The trial term must not question this direction, but follow it literally. An examination of the plaintiff's statement annexed to the complaint shows that when the plaintiff credited the defendant with the $5,000 the defendant's indebtedness amounted to less than $500, and an additional liability of only about $100 was incurred by the defendant before the subsequent credit

of $2,500 was given by the plaintiff. These circumstances give color to the defendant's theory that these sums were loans and not payments. The defendant has not estopped itself by its conduct before the referee or otherwise from litigating the issues raised by the counterclaims and reply. The cases cited by the plaintiff on this point (Farmers' Loan & Trust Co. v. Housatonic R. Co., 152 N. Y. 251, 254, 46 N. E. 504; Knapp v. Simon, 96 N. Y. 284, 292; Bailey v. Hornthal, 154 N. Y. 648, 652, 49 N. E. 56; Embury v. Conner, 3 N. Y. 511) are therefore inapplicable.

The motion for judgment on the counterclaims must therefore be denied, and the issues as to the loans ordered to be tried by a jury on the first Monday of January, 1901, in part 2, agreeably to the direction of the appellate division.