JOHNSON et al. v. PELLETREAU et al.

(Supreme Court, Appellate Term. March 5, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURT—PLEADING—FAILURE TO FILE COMPLAINT.

Where defendants were summoned to appear in the Municipal Court to answer the complaint of plaintiffs, but no complaint was filed, the action could be dismissed upon motion when called for trial, though plaintiffs had filed a bill of particulars.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—PLEADING—DEFECTS—ELECTION TO TRY ISSUE.

Parties duly in court may go to trial in the Municipal Court on an issue, though the action could have been dismissed on motion for failure to file a complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Elmer E. Johnson and another against Vennette F. Pelletreau and others. Judgment for plaintiffs, and defendants appeal Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Van Mater Stilwell, for appellants.
Firestone & Silver, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MacLEAN, J. By summons, dated October 20, 1908, the defendants were required to appear in the Municipal Court, First District, on October 29th following, to answer the complaint of the plaintiffs. in this action, or, in default thereof, judgment would be taken against them for the sum of $500. On the return day the parties appeared by their respective attorneys, but according to the record framed no issue, although the defendants answered orally, "General denial and bill of particulars," for the plaintiffs proffered no complaint, either orally or in writing. Eight days later the plaintiffs filed their bill of particulars. Even that changed nothing; for, as the office of a bill of particulars "is to amplify a pleading" (Taylor v. Security Mut. Life Ins. Co., 73 App. Div. 323, 76 N. Y. Supp. 671), it fulfilled no purpose, there being nothing to amplify.

Thus the complaint might have been dismissed upon proper motion when the case was called for trial; but, as parties duly in court may try any issue they please of which the court has jurisdiction (Farmers' Loan & Trust Co. v. Housatonic R. R. Co., 152 N. Y. 251, 254, 46 N. E. 504), the parties proceeding upon motion, it may be taken, from that and from the evidence introduced, that they elected to try the issue whether the defendants were indebted to the plaintiffs upon an agreement to pay a commission for obtaining a loan of $25,000 on property belonging to certain builders. The issue so presented was solely one of fact, upon which the learned trial justice has found in favor of the plaintiffs upon evidence which may not be said to fail to support his determination.

Judgment affirmed, with costs. All concur.