(164 App. Div. 774)

BEEBE v. SCHENECTADY RY. CO. et al.   (No. 261–71.)

(Supreme Court, Appellate Division, Third Department.   November 25, 1914.)

For original opinion, see 149 N. Y. Supp. 836.   See, also, 151 N. Y Supp. 1104.

PER CURIAM.   Decision amended, so as to read as follows:

Judgment and order appealed from by the defendant Karr reversed on law and facts, and new trial, as to the defendant Karr, granted, with costs to the defendant Karr to abide the event.

This court disapproves of the finding of fact that the defendant Karr was guilty of negligence.

JOHN M. KELLOGG, J. (dissenting).   The complaint alleges that the defendant for a long time prior to the accident was engaged in excavating on the roadway or right of way of the defendant company at a place where there was a regular crossing for pedestrians to reach the stopping place or station of the street cars, and that while the plaintiff was carefully passing over the track for the purpose of taking a car she was precipitated into a large deep hole and excavation, negligently and carelessly made and maintained by the defendants at that point, and that the injury was caused because the defendants negligently caused and permitted the tracks at that place to be and remain in a dangerous state and condition and in a bad state of repair, and negligently allowed the said hole to be and remain in that state between the tracks.

The appellant had excavated the dirt from between the tracks and replaced it with proper paving material to within about 10 inches from the top of the rails, so that there was an excavation or "hole" between the rails where people who desired to take the cars at this point must cross.   The cold weather coming on prevented the appellant from continuing his contract, and he left the road in that condition, without making any provision to enable people safely to cross the track.   He could not, when cold weather approached, drop the tools and the work as it then stood, without exercising reasonable care to protect the public in passing over the excavation he had made at this crossing.   The real defense is that some stranger to the appellant had built between the tracks at this point an insufficient and dangerous footpath, by filling the earth in between the tracks to a width of about 12 inches and reaching up to the surface of the rail, and the appellant contended that the injury arose, not from the excavation which he had left, but from the fact that the dirt which some one had placed in between the rails to make a path was too narrow and rounding, and the snow and ice forming made it slippery and dangerous.   Clearly the appellant left the crossing in a dangerous condition, and the mere fact that a stranger sought to lessen somewhat the danger resulting from the appellant's negligence does not free appellant from responsibility.   If he had made proper provision for pedestrians to cross the track, the dirt path would not have existed; it arose solely from his negligent act.

The court instructed the jury, in substance, that the appellant properly made the excavation under his contract with the state, but that when he suspended the work it was his duty to fill in at this place to a certain extent, so as to make it a reasonably safe place for the public to walk upon, and permitted a recovery if the appellant had neglected that duty, and such neglect had brought the injury upon the plaintiff. If the appellant left the street in a dangerous condition, he had reason to believe that some one might make some effort to make the condition less dangerous by placing something between the tracks. By negligently leaving the dangerous condition, he in substance invited others to make an effort to perform the duty which he had neglected, and he cannot free himself from liability because such persons performed such duty in a careless manner. The narrow slippery path resulted solely from the defendant's negligence, and the jury were justified in saying that the dangerous condition in which the appellant left the street caused the plaintiff to fall. The fact that she slipped upon the path which his negligence had invited and caused does not free him from responsibility. The question litigated was whether the plaintiff's injury was caused by the negligent condition which the appellant permitted at that place, and whether she was guilty of contributory negligence.

No question was raised upon the trial about a defect or omission in the pleading, and none has been raised upon this appeal by either counsel, and it seems unusual to reverse a just judgment upon a technical ground of pleading not raised by the appellant in the court below or urged in this court. In Schoepflin v. Coffey, 162 N. Y. 12, 16, 56 N. E. 502, 503, the Court of Appeals says:

"We, have, however, searched the record in vain to find any proper objection or exception which enables the defendant upon this appeal to avail himself of the insufficiency of the complaint. To raise that question it was necessary that an objection to its sufficiency should have been taken, and the ground upon which it was claimed to be insufficient should have, been brought to the attention of the court. It is not a fatal objection on appeal that the cause was tried outside the pleadings, in the absence of some specific objection to that course. Parties may, if they so elect, depart from the issues made by the pleadings and try other questions relating to the merits of the controversy by consent or acquiescence. Farmers' L. & T. Co. v. Housatonic R. R. Co., 152 N. Y. 251 [46 N. E. 504]. As the question of the sufficiency of the complaint was not properly raised in the court below, it cannot be raised here for the first time."

In my judgment, while the form of the complaint need not be commended, it is nevertheless sufficient to have withstood attack, if one had been made upon the trial. It has alleged the facts according to their legal intendment and effect. If the appellant owed any duty to restore the street at this crossing and to protect the public against the excavation which he was leaving in the street, it is difficult to perceive how the verdict could have been otherwise, and it is difficult to state in what respect the complaint is insufficient to raise the question litigated.

I therefore favor affirmance.